JUDGE HELLERSTEIN

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
271 Madison Avenue, Suite 1403
New York, New York 10016
Tel.: 212-576-1857
Fax: 212-576-1888
*Attorney for Plaintiff*

OF COUNSEL

LAW OFFICE OF
WILLIAM COUDERT RAND
William C. Rand (WR 7685)
488 Madison Avenue, Suite 1100
New York, NY 10022
Tel.: 212-286-1425
Fax.: 646-688-3078
*Attorney for Plaintiff*

13 CV 7861

RECEIVED
NOV 05 2013
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PARASKEVAS PARASKEVAS,

Plaintiff,

v.

HAMID BIGLARI and LAYA KHADJAVI

Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, PARASKEVAS PARASKEVAS ("Plaintiff"), by and through his undersigned attorneys, hereby files this Complaint against Defendants, HAMID BIGLARI and LAYA KHADJAVI ("Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium and statutory penalties (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Jurisdiction is also conferred by 28 U.S.C. §1332 based upon the diversity of citizenship of the parties to this action and the sum in dispute between the parties which is in excess of Seventy-Five Thousand ($75,000) Dollars.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff has been an adult individual residing in Hudson County, New Jersey.

6. Upon information and belief, Defendant, HAMID BIGLARI has been an adult individual residing at 447 E. 57th Street, New York, NY 10022.

7. Upon information and belief, Defendant, LAYA KHADJAVI has been an adult individual residing at 447 E. 57th Street, New York, NY 10022.

8. Defendants employed Plaintiff as a family chauffer at their residence located at 447 E. 57th Street, New York, NY 10022.

9. Defendant, HAMID BIGLARI, exercised control over the terms and conditions of Plaintiff's employment. With respect to Plaintiff, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

10. Defendant, LAYA KHADJAVI, exercised control over the terms and conditions of Plaintiff's employment. With respect to Plaintiff, she had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

15. On or about July 14, 2007, Plaintiff was hired by Defendants to work as their family chauffer for Defendants' family residing at 447 E. 47th Street, New York, NY, 10022.

16. Plaintiff worked for Defendants until on or about July 8, 2013.

17. During the employment of Plaintiff by Defendants, he worked over forty (40) hours per week.

18. During Plaintiff's employment by Defendants, he often worked over ten (10) hours per day.

19. On average, Plaintiff worked 65 hours per week. At the start of his employment, Defendants paid Plaintiff an hourly rate of $28. In 2012, Defendants increased Plaintiff's hourly rate to $30.

20. Throughout Plaintiff's employment by Defendants, Defendants did not pay Plaintiff **at all** for 10 hours of work each workweek. Further, Defendants paid Plaintiff his regular rate for all of his hours up to 40 in each workweek and then paid time and one half for his hours worked over 50 in a workweek. For example, if Plaintiff actually worked 65 hours in a workweek, he was paid his regular rate of $28 for his first 40 hours and an overtime rate of $42 for 15 hours, i.e., the hours over 50. Accordingly, in this example, Plaintiff is owed time and one half (i.e., $42 per hour) for the 10 hours over 40 and under 50 for which he was not paid any wages.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

22. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs.

23. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

24. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

25. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC and the Law Office of William Coudert Rand to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Because Defendants employed Plaintiff as a domestic worker, Defendants were an enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§202 (a), 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

30. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. Plaintiff worked hours for which he was not paid the statutory minimum wage.

32. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

33. Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the minimum wages for hours worked when Defendant knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently of ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

41. Defendants failed to post a notice informing Plaintiff of his right to be paid minimum wages and overtime as and as a result the statute of limitations applicable to the Plaintiff's FLSA claims should be tolled.

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

42. Plaintiff realleges and reavers Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

44. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

45. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

46. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten (10) or more hours.

47. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

48. Defendants willfully violated Plaintiff's rights by failing to provide him proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

49. As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred and/or continue to occur.

50. Due to the Defendants' New York Labor Law violations Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their agents, successors, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. A tolling of the statute of limitations;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid minimum wages under the FLSA and the New York Labor Law;

f. An award of unpaid "spread of hours" premium due under the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, unpaid minimum wages, and "spread of hours" premium pursuant to the New York Labor Law;

i. An award of statutory penalties including statutory penalties under the Wage Theft Prevention Act, and prejudgment and postjudgment interest;

j. An award of statutory penalties, and prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 5, 2013

Respectfully submitted,

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
271 Madison Avenue, Suite 1403
New York, NY 10016
Tel.: 212-576-1857
Fax: 212-576-1888
*Attorney for Plaintiff*

By: ______________________
ROBERT L. KRASELNIK

OF COUNSEL

LAW OFFICE OF
WILLIAM COUDERT RAND
William C. Rand (WR 7685)
488 Madison Avenue, Suite 1100
New York, NY 10022
Tel.: 212-286-1425
Fax.: 646-688-3078
*Attorney for Plaintiff*